UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

BENNIE GIBSON,

                              Plaintiff,                9:18-CV-1331
                                                                  (MAD/DJS)

      v.

JOHN/JANE DOES; et al.,

                              Defendants.

---

APPEARANCES:

BENNIE GIBSON
Wards Island Shelter
65 Charles Gay Loop
New York, NY 10038

MAE A. D'AGOSTINO
United States District Judge

## DECISION AND ORDER

## I.    INTRODUCTION

Plaintiff Bennie Gibson commenced this action pro se in November 2018 by filing a complaint, accompanied by a first application to proceed in the action in forma pauperis ("IFP"). Dkt. Nos. 1, 2. Upon review of those documents, the Court issued an Order administratively closing this action because the IFP application was not properly certified and because plaintiff failed to file the inmate authorization form required in this District. Dkt. No. 3 ("November Order"). Plaintiff was advised in the November Order that, if he desired to pursue this action, he must so notify the Court, submit the inmate authorization form, and either (1) pay the filing fee of $400.00 in full, or (2) submit a completed, signed, and properly certified IFP application within 30 days of the filing date of the Order. *Id*. at 2.

In response to the November Order, plaintiff filed a second IFP application, as well as an inmate authorization form. Dkt. Nos. 5, 6.[1] The Court reviewed those materials and determined that plaintiff's IFP application was again incomplete. Dkt. No. 9 ("January Order"). The Court afforded plaintiff a final opportunity to comply with the filing fee requirements and directed plaintiff "to submit either (1) a completed, signed, and certified IFP application; or (2) a completed and signed IFP application along with certified copies of his inmate account for the six-month period immediately preceding the filing of his complaint." *Id.* at 4. The Court also warned plaintiff that his failure to timely comply with the January Order would result in dismissal of the action without prejudice. *Id.*

On February 19, 2019, the Court received plaintiff's third IFP application. Dkt. No. 11. The application was dated January 5, 2019, which is the same date as plaintiff's second IFP application. Dkt. No. 5 at 2; Dkt. No. 11 at 2. Indeed, the third IFP application appeared to be an identical copy of plaintiff's second IFP application, except that the third application included a few additional stray marks. *Compare* Dkt. No. 5 *with* Dkt. No. 11. Like the first and second IFP applications, the third IFP application was not properly certified nor accompanied by certified copies of plaintiff's inmate account for the six-month period immediately preceding the filing of his complaint. *See generally* Dkt. No. 11. Plaintiff provided the Court with no explanation for his failure to comply with the November and January Orders.

On March 4, 2019, the Court issued a Decision and Order denying plaintiff's third IFP application and dismissing the action without prejudice in light of plaintiff's repeated failures

---

[1] In light of that filing, the action was reopened and restored to the Court's active docket. Dkt. No. 8.

to comply with the filing fee requirements. Dkt. No. 12 ("March Order"). Judgment dismissing the action was entered on the same date. Dkt. No. 13 ("Judgment").

On March 28, 2019, the Court received a notice of change of address for plaintiff. Dkt. No. 14. Based on that notice, it appears that plaintiff is no longer incarcerated. *Id.* On or about April 1, 2019, the Court received from plaintiff a motion for reconsideration of the March Order. Dkt. No. 15. Two weeks later, plaintiff filed what the Court has construed as a motion to vacate the March Order. Dkt. No. 16. Shortly thereafter on April 17, 2019, the Court received from plaintiff a second motion to reconsider the March Order. Dkt. No. 17. In light of plaintiff's pro se status, the Court has construed plaintiff's three pending motions as a request for relief from the March Order and Judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.

## II. DISCUSSION

Rule 60(b) of the Federal Rules of Civil Procedure sets forth six grounds upon which relief from a judgment or order may be granted. Fed. R. Civ. P. 60(b). Specifically, a court may relieve a party from a judgment or order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; or (6) for any other reason that justifies relief. *Id*. "Rule 60(b) was intended to preserve the delicate balance between the sanctity of final judgments and the incessant command of the court's conscience that justice be done in light of all the facts." *Esposito v. New York*, No. 07-CV-11612, 2010 WL 4261396, at *1 (S.D.N.Y. Oct. 25, 2010) (internal quotation marks omitted). Rule 60(b) provides "extraordinary judicial relief" that should be granted "only upon a

3

showing of exceptional circumstances." *Barton v. Troy Annual Conf.*, No. 09-CV-0063, 2011 WL 5325623, at *2 (N.D.N.Y. Nov. 3, 2011).

In support of plaintiff's motion for relief from the March Order and Judgment dismissing this action, plaintiff provides as follows:

> 5) NDNY asked simply for form to be filled out Gibson did so but honestly somehow did not see or adhere to signing of authorization probably due to fact the 1983 forma pauperis has(title 42 USC 1983)has a authorization clerks send to jail warden in old days
> 6) Gibson was sent back form and due to jail job had a slight problem in getting to signature of whoever is supposed to sign Social Services and law library to wit I work are same time.
> 7) Gibson works in law library and is asking for another form from NDNY where Gibson did alert court to 20 dollars wk . job provided by NYC and "Good faith" alertance is placed on fact I did not try to hide job.

Dkt. No. 17-1 at 1 (errors in original). Liberally construed, it appears that plaintiff argues that he attempted to comply with the Court's earlier Orders directing him to file a completed IFP application but that he could not do so based on "excusable neglect" or "inadvertence." *Id.*

Upon review, and with due regard for plaintiff's status as a pro se litigant, the Court finds that his motion affords no basis upon which relief may be granted pursuant to Rule 60(b)(1). Plaintiff has failed to identify any circumstances that precluded him from filing a completed IFP application, even after the Court afforded him multiple opportunities to do so. Plaintiff has communicated with the Court regularly since the commencement of this action, and plaintiff has never before suggested that he was experiencing difficulties complying with Court Orders. *See, e.g.,* Dkt. Nos. 5, 7, 10, 11. In addition, plaintiff confusingly alludes to a conflict between "Social Services" and his law library job, but there are no further details that provide any context for that alleged conflict. In short, plaintiff's motion fails to provide a basis

4

to justify the extraordinary relief plaintiff now seeks.

Based upon the foregoing, the Court finds that this action was properly dismissed without prejudice due to plaintiff's failure to timely comply with the filing fee requirements. Accordingly, plaintiff's three pending motions, which have been construed by the Court as a motion for relief from the March Order and Judgment, are denied.[2]

## III. CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff's motions for reconsideration and to vacate the March Order and Judgment (Dkt. Nos. 15-17) are **DENIED**; and it is further

**ORDERED** that the Clerk shall serve a copy of this Decision and Order on plaintiff.

**IT IS SO ORDERED**.

Dated: April 24, 2019
Albany, New York

Mae A. D'Agostino
U.S. District Judge

---

[2] By virtue of this action having been dismissed without prejudice, plaintiff is free to commence a new action by filing a complaint and complying with the filing fee requirements.